IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| HILDA RANGEL, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 110912N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed Defendant's Notice of Deficiency Assessment, dated June 20, 2011,

denying Plaintiff's claimed working family child care credit (WFC) in the amount of $1,920 and

child and dependent care credit (CDC) in the amount of $384 for the 2010 tax year. A trial was

held in the Oregon Tax Court Conference Room on February 13, 2012. Richard Alway (Alway),

Attorney at Law, appeared on behalf of Plaintiff. Plaintiff testified on her own behalf. Eva de la

O (de la O), Plaintiff's mother and child care provider, testified through a Spanish interpreter on

behalf of Plaintiff. Kevin Cole (Cole) appeared and testified on behalf of Defendant.

At trial, Plaintiff's Exhibits 1 through 7 were offered and received without objection.

Defendant objected to Plaintiff's Exhibit 8, a letter dated January 26, 2011, and signed by de la O

stating that she was paid $4,800 for child care in 2010, based on the date of the letter.[1] The court

admitted Plaintiff's Exhibit 8, noting that Defendant's objection as to the date of the letter would

be considered in weighing the exhibit. Defendant offered Exhibit A, de la O's "wage detail," as

a rebuttal exhibit and requested that Exhibit A be protected as confidential. Plaintiff objected

/ / /

---

[1] Defendant also objected based on the assumption that de la O could have not written or understood the letter because it was written in English rather than Spanish.

based on relevance. The court admitted Defendant's Exhibit A, noting that the exhibit is limited to de la O's 2010 wages.

## I. STATEMENT OF FACTS

Plaintiff testified that de la O is her mother and that she provided child care for Plaintiff's two children, ages two and seven during tax year 2010, while Plaintiff was working. Plaintiff testified that, in 2010, she worked at Stayton Family Practice from 8:00 a.m. to 4:30 or 5:00 p.m. and that she worked full time for the entire 2010 tax year. (*See* Ptf's Ex 1.) Plaintiff testified that her earned income in 2010 was $27,240 and that she did not receive any investment income. (*See* Ptf's Ex 5.) Plaintiff testified that her son was in school in 2010 and de la O would help him get ready and take him to school in the morning. Plaintiff testified that de la O lived with her for part of 2010; she moved in at some point after Plaintiff separated from her then-husband.

Plaintiff provided her bank statements from 2010. (Ptf's Ex 2.) She identified 12 cash withdrawals as the sources for her child care payments: $400 on January 4, 2010; $301.50 and $101.50 on February 1, 2010; $400 on February 26, 2010; $400 on April 5, 2010; $400 on   May 3, 2010; $500 on June 1, 2010; $400 on June 30, 2010; $400 on July 30, 2010; $755 on September 1, 2010; $560 on September 30, 2010; $600 on October 29, 2010; $560 on December 2, 2010. (*See* Ptf's Ex 2.) With respect to the withdrawals on February 1, 2010, Plaintiff testified that $3.00 of that withdrawal was the ATM fee. With respect to the June, September, October, and December withdrawals, Plaintiff testified that $400 of each was for child care. Plaintiff testified that she paid $4,800 total for child care in 2010.

Plaintiff testified that she completed her own 2010 income tax returns. (*See* Ptf's Ex 5, 6.) Cole noted that Plaintiff did not identify the children on her 2010 Schedule WFC, as required. (*See* Ptf's Ex 5 at 3.) Cole inquired how Plaintiff could recall which specific 2010

bank withdrawals were for child care payments. Plaintiff testified that it was her routine to withdraw money from her account around the first or second of each month and pay her mother. Plaintiff testified that de la O had a part time job at Sizzler; de la O did not have a set schedule at Sizzler, but rather was on-call for evening shifts. Plaintiff testified that de la O did not pay rent in 2010, but sometimes helped out with household expenses such as the cable, internet, and phone bills, and groceries.

De la O testified that she provided child care for Plaintiff's children in 2010, both before and after Plaintiff separated from her then-husband. She testified that she watched Plaintiff's children in 2009, too. She testified that she received $400 per month in cash for child care and was typically paid around the first of each month. De la O testified that she began living with Plaintiff on September 5, 2010. She testified that she had a part time job in 2010, but that she did not work while watching the children. De la O testified that she has not filed income tax returns for the past few years, including 2010. She testified that she understands that payment she receives for watching Plaintiff's children is income that must be reported. De la O testified that she did not recall how much money she earned in 2010. Cole introduced Defendant's Exhibit A as rebuttal, stating that de la O received $9,341.20 in wages from Sizzler in 2010. Cole stated that, if the $4,800 that de la O received for child care were included in her gross income for 2010, she would have been required to file an income tax return.

De la O testified that she had a bank account, but that she did not deposit the money received from Plaintiff into her bank account. She testified that she paid Plaintiff $200 per month for rent in 2010 and would sometimes pay for groceries and other household goods. De la O testified that, once in a while, she would help out with the cable bill, but that she did not pay for telephone because she had a cell phone.

DECISION  TC-MD 110912N                                                                 3

Cole questioned whether Plaintiff provided Defendant with a copy of Federal Form 2441. Cole testified that Plaintiff was required to provide a copy of that form and did not. Plaintiff provided a rebuttal exhibit showing a written objection letter submitted by Plaintiff stating that Federal Form 2441 is attached. (Ptf's Ex 7.) Cole also questioned whether Plaintiff's return was audited by the IRS for her claimed child care expenses. Plaintiff testified that she remembered receiving a letter requesting proof of expenses, but she was unsure whether the letter was from the IRS or Defendant. Cole stated that Defendant's audit of Plaintiff's 2010 return was not based on a federal audit and that he had not received any record of a federal audit of Plaintiff's return for the 2010 tax year. He noted, however, that records of IRS may not be transmitted to Defendant until 15 or 18 months after the audit. Cole stated that an IRS audit of Plaintiff's claimed child care expenses would be determinative for Defendant. Alway argued in response that the issue of whether there was an IRS audit is not relevant to this appeal.

## II. ANALYSIS

The issue before the court is whether Plaintiff is entitled to a WFC and CDC for the 2010 tax year based on claimed child care payments totaling $4,800. ORS 315.262 provides a refundable credit, the WFC, for qualifying taxpayers to partially offset child care costs incurred while taxpayers are working or attending school.[2] ORS 315.262(3) states in part: "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316 equal to the applicable percentage of the qualified taxpayer's child care expenses * * *." "[T]he [WFC] is limited to costs associated with child care * * * [,]" and does not include "[t]ransactions that are not arm's-length or have no economic substance." OAR 150-315.262(3); OAR 150-315.262(3)(b)(F).

---

[2] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2009.

ORS 316.078 provides a nonrefundable credit, the CDC, for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. The CDC is specifically tied to IRC section 21, which states that the credit is "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code * * * ." ORS 316.078(1). IRC section 21(a)(l) provides a credit for a "percentage of the employment related expenses * * * paid by such individual during the taxable year."

Plaintiff has the burden of proof and must establish her case by a "preponderance" of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue,* 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * * ." *Reed v. Dept. of Rev.,* 310 Or 260, 265, 798 P2d 235 (1990).

Defendant does not dispute Plaintiff worked full time in 2010 and that her 2010 adjusted gross income was $27,240. (Ptf's Ex 5.) Defendant also agrees that, as of June 2010, Plaintiff was separated from her spouse with no intention of reuniting.[3] (Ptf's Ex 3.) Defendant agrees that Plaintiff's children are "qualifying child[ren]" for purposes of the WFC and CDC. Defendant does not, apparently, question whether de la O cared for Plaintiff's children while Plaintiff was working. The only dispute between the parties is whether Plaintiff made child care payments in 2010 and, if so, in what amount. It is Defendant's allegation that Plaintiff's claimed payments are not adequately substantiated because they were made in cash to her mother. Defendant disagrees that Plaintiff has adequately substantiated her claimed child care expenses.

"Transactions between related parties rightly generate heightened scrutiny, because of the increased potential for favorable treatment (*e.g.,* leniency when the taxpayer cannot afford some

---

[3] Plaintiff and her former husband divorced in 2011. Plaintiff filed in 2010 as married filing separately and Cole noted that Plaintiff probably qualified for head of household filing status.

or all of the amount due)[.]" *Carter v. Dept. of Revenue,* TC-MD No 080689C at 6, WL 1351818 (Apr 30, 2009). "[T]here is not a rebuttable presumption that a close relationship between parties implies that their transaction was not at arm's-length." *Lib-Myagkov v. Dept. of Rev.*, TC-MD No 091200C at 9, WL 4736621 at *5 (Nov 23, 2010). However, "[c]ommon life experience teaches that closely related individuals will often care for young ones at little or no cost." *Briggs v. Dept. of Rev.*, TC-MD No 070700E at 5, 2008 WL 352307 at *3 (Jan 30, 2008). "In * * * WFC cases, where payment is made in cash and the provider is a friend or relative of the taxpayer, the sworn testimony of the child care provider is critical. * * * These cases turn on a question of fact, hinging on the credibility of Plaintiffs and the provider." *Moua v. Dept. of Rev.*, TC-MD No 081230B at 3 (Mar 4, 2010) (citations omitted).

Both Plaintiff and her child care provider, de la O, testified before the court. Unfortunately, their testimony conflicted concerning payment for rent and other household expenses. Plaintiff testified that de la O lived with her but did not pay rent. Plaintiff testified that de la O sometimes contributed to other household expenses, such as the cable, telephone, and internet bills, and groceries. By contrast, de la O testified that she paid Plaintiff $200 per month for rent, but did not contribute to the telephone bill because she has her own telephone. De la O did not provide any evidence in support of her testimony, which was contradicted by Plaintiff's testimony. Plaintiff provided bank statements indicating withdrawals during 2010 and testified that the withdrawals were for child care payments. The amounts of the withdrawals are not consistent with Plaintiff's testimony concerning the date or amount of payments. De la O did not file an income tax return in 2010 and did not, therefore, report any income for providing child care.

/ / /

The financial arrangement between Plaintiff and de la O with respect to rent, household bills, and child care is unclear and unsubstantiated. It appears that household expenses and responsibilities were comingled between Plaintiff and de la O and the court cannot speculate as to whether payments were made or in what amount. The court does not question that de la O provided child care for Plaintiff's children in 2010, but is not persuaded that Plaintiff paid de la O. There is evidence to support a conclusion that de la O cared for Plaintiff's children in exchange for a place to live.

### III. CONCLUSION

After carefully considering the testimony and evidence presented, the court finds that Plaintiff has not met her burden of proof with respect to claimed child care payments during the 2010 tax year. Plaintiff's appeal must, therefore, be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of June 2012.

 

 

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on June 29, 2012. The Court filed and entered this document on June 29, 2012.*